IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELISSA M. ARREY,

    Plaintiff,

v.                                                      CV 10-1139 GBW/CG

DOMENICA RUSH, in her official
capacity as CEO of Sierra Vista
Hospital; SIERRA VISTA HOSPITAL,
a New Mexico Corporation; and RONALD
NESTLE, in his individual and official
capacities.

    Defendants.

## ORDER DENYING MOTION TO QUASH

**THIS MATTER** comes before the Court on New Mexico District Attorney Clint Wellborn's *Motion to Quash Subpoena to Produce Documents*, (Doc. 63), and *Plaintiff's Response to District Attorney's Motion to Quash Subpoena to Produce Documents*, (Doc. 71). District Attorney Wellborn seeks to quash a subpoena duces tecum served by Plaintiff on Kari Penner, the Pre-Prosecution Director for the Seventh Judicial District Attorney's Office. (Doc. 63 at 1, 6). The subpoena duces tecum seeks the production of Defendant Ronald Nestle's pre-prosecution diversion program file, including any statements Mr. Nestle might have made during his participation in the diversion program with regard to his interactions with Plaintiff. (*Id.* at 6; Doc. 71 at 2).

The Court has already addressed the discoverability of Mr. Nestle's diversion program statements as those statements were the subject of *Plaintiff's Motion to Compel Discovery of Ronald Nestle*, (Doc. 69). The arguments presented in the instant motion to

quash mirror the arguments presented by Plaintiff's motion to compel and the Defendants' response in opposition. (*See, e.g. Pl.'s Mot. Compel*, Doc. 69 at 3 ("Note: Defendant's only basis for objection to producing the requested documents is the Motion to Quash Subpoena Duces Tecum which has been filed by the District Attorney. Plaintiff's counsel will be filing a response to the district attorney's motion in the next two days. Most of the argument in that motion is set out here."); *Def.'s Resp.,* Doc. 76 at 3 ("The District Attorney's motion to quash asserts the strong public policy reasons why Plaintiff should not be permitted access to the pre-prosecution file, and Defendants here again adopt those arguments as their own for the purposes of the proceedings on this motion to compel . . .")). The Court conducted a hearing regarding the motion to compel on August 12, 2011, and found that Mr. Nestle's diversion program statements were discoverable. (Doc. 78; Doc. 82). Defendant Nestle has since been directed to provide Plaintiff's counsel with a signed authorization to release his diversion program records. (Doc. 82 at 1).

**IT IS THEREFORE ORDERED** that District Attorney Clint Wellborn's *Motion to Quash Subpoena to Produce Documents*, (Doc. 63), be **DENIED AS MOOT**.

THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE